[Cite as *In re C.D.*, 2013-Ohio-4432.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

IN THE MATTER OF: :

C.D. : CASE NO. CA2013-02-015

: O P I N I O N
10/7/2013

:

:

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 2011 JG 19150

Theresa Bechtel-Ellison, 2400 Clermont Center Drive, Suite 107, Batavia, Ohio 45103, for appellee, Clermont County Child Support Enforcement Agency

Walter D. Demmitt, 6609 Paxton Guinea Road, Loveland, Ohio 45140, plaintiff, pro se

Marlo L. Cummings, 1408 Severs Drive, Piqua, Ohio 45356, defendant-appellant, pro se

**PIPER, J.**

{¶ 1} Defendant-appellant, Marlo Cummings, appeals a decision of the Clermont County Court of Common Pleas, Juvenile Division, ordering her to pay child support to plaintiff-appellee, Walter Demmitt.

{¶ 2} Cummings and Demmitt had a son together, Cain, who was originally in Cummings' custody. In December 2011, when Cain was 17 years old, the juvenile court

granted custody of Cain to Demmitt. Demmitt sought child support for Cain, and the Child Support Enforcement Agency (CSEA) filed a complaint with the juvenile court on November 26, 2012. The complaint was served upon Cummings, and the matter proceeded to a hearing. By the time the hearing occurred, Cain had turned 18 years old so that Demmitt moved the court to award back child support beginning with the day that he received custody in 2011.

{¶ 3} The hearing, which was held on January 17, 2013, was attended by Cummings, Demmitt, and Cain, though Demmitt and Cain were late and appeared only after the hearing began. None of the parties were represented by an attorney, and counsel for CSEA clearly stated at the beginning of the hearing that he was representing CSEA only, and not any of the parties. The matter proceeded and the court heard testimony from Cummings, Demmitt, and Cain. The court then ordered Cummings to pay past child support of $3,666.20, as well as future support of $143.54 per month, until the time that Cain either graduated from high school or turned 19. Cummings now appeals the juvenile court's ruling, raising three assignments of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED BY NOT ADVISING APPELLANT [SIC] RIGHT OF COUNSEL.

{¶ 6} Cummings argues in her first assignment of error that the juvenile court erred by not advising her of her right to counsel.

{¶ 7} According to R.C. 2151.352,

> A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120. of the Revised Code except in civil matters in which the juvenile court is

- 2 -

exercising jurisdiction pursuant to division (A)(2), (3), (9), (10), (11), (12), or (13); (B)(2), (3), (4), (5), or (6); (C); (D); or (F)(1) or (2) of section 2151.23 of the Revised Code. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. The court may continue the case to enable a party to obtain counsel, to be represented by the county public defender or the joint county public defender, or to be appointed counsel upon request pursuant to Chapter 120. of the Revised Code.

{¶ 8}   The record is clear that Cummings was not represented by counsel at the time of the hearing.  According to the statute, Cummings was not entitled to have counsel *appointed* to her because a motion for child support is considered a civil matter pursuant to R.C. 2151.23.  Nonetheless, R.C. 2151.352 plainly states that the parent is entitled to representation during the proceedings, and that "if a party appears without counsel, the court *shall* ascertain whether the party knows of the party's right to counsel * * *."[1]  (Emphasis added.)  CSEA advances no argument that the statute was fulfilled.  Instead, it argues that Cummings received due process because she was advised of the hearing and given a chance to be heard.  However, and beyond due process arguments, the statute contains a mandate that a parent be advised of the right to counsel.

{¶ 9}   There is a preprinted form in the record where the juvenile court checked a box indicating that the parties were advised of their right to counsel and waived such rights. However, the transcript of the proceeding does not indicate that the juvenile court explained to Cummings, or any of the parties, that there was a right to counsel.  Instead, counsel for CSEA stated, "just so you know who I am and what I'm doing here.  * * *  I'm the staff attorney for Child Support Enforcement.  I don't really represent you and I don't represent Mr. Demmitt."  Demmitt and Cain came into the courtroom after the proceedings began, and

---

1. Where the statute may cause the juvenile court to affirmatively advise the obvious, that one has the right to obtain counsel for representation during legal proceedings, the statute is nevertheless written in mandatory language.

counsel for CSEA explained to Demmitt and Cain, "I don't represent any of the three of you. My interest really is to make sure that the appropriate support order gets put in place."

{¶ 10} At no time did the juvenile court address the parties' right to counsel during the portion of the hearing that was transcribed, and there is no indication that the juvenile court actually explained such right to the parties. *See In re Lander*, 12th Dist. Butler No. CA99-05-096, 2000 WL 819775, *3 (June 26, 2000) (reversing juvenile court's decision finding that appellant waived her right to counsel where the court "never explained to appellant, let alone fully and clearly, her right to counsel * * *").

{¶ 11} As previously stated, the box was checked on the preprinted form as filled out by the juvenile court, indicating that both Cummings and Demmitt were advised of their rights and waived them. However, the transcript indicates that Demmitt and Cain were late to the hearing, and walked into the courtroom only after the hearing was already in progress. The transcript does not indicate that the court held a recess or continued the hearing, and no mention of the parties' right to counsel appears in the transcripts. Nothing in the transcript verifies the indication on the preprinted form that the parties were advised of their right. We are therefore unable to confirm that the juvenile court advised the parties of their rights in this case.

{¶ 12} While Counsel for CSEA addressed the parties and explained that he was not representing any of them, this caution was insufficient to fulfill the statutory requirement. The record does not contain any verification that the juvenile court explained that the parties had a right to have counsel present during the proceedings or ascertained whether Cummings knew of her right to have counsel. As such, Cummings' first assignment of error is sustained and the matter is reversed and remanded for further proceedings.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED BY MISTATING [SIC] THE INCOME OF

- 4 -

APPELLANT.

{¶ 15} Assignment of Error No. 3:

{¶ 16} THE TRIAL COURT ERRED BY ESTABLISHING CHILD SUPPORT AFTER THE EIGHTEENTH BIRTHDAY OF [SIC] CHILD.

{¶ 17} Cummings presents two other assignments of error for our review. However, these assignments of error are rendered moot given our disposition of Cummings' first assignment of error.

{¶ 18} Judgment reversed and remanded for further proceedings.

RINGLAND, P.J., and M. POWELL, J., concur.